1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY-DEMOND KING,

Plaintiff,

v.

MARTIN O'MALLEY, et al.,

Defendants.

Case No. 24-cv-03550-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 9

Plaintiff Troy-Demond King brings this action against defendant Social Security Commissioner Martin O'Malley challenging the denial of King's disability insurance benefits claim. Dkt. No. 1, at 2. King applied for social security disability insurance and supplemental security income in July 2022. Dkt. No. 9-1, at 5, 21. The Social Security agency denied these claims in initial determinations that issued in May 2023. *Id.* at 17–18, 33–34. King appealed and requested reconsideration in June 2023. *Id.* at 37. King's request for reconsideration is still pending. *Id.* at 2.

In King's complaint before the Court, King asserts two grounds on which the Commissioner's denial should be overturned: (1) that "O'Malley never gave any medical findings/facts" and therefore the decision was not based on substantial evidence, and (2) that "O'Malley & SSA, and the federal courts have been making injurious 'presumptions' which prejudice my Constitutional rights by trying to associate me with the 'idem sonans', which is the all caps version of my Christian name which is in fact a trust previously associated with a 'public office' in the United States government by virtue of the Social Security number attached to it." Dkt. No. 1, at 3.

Now before the Court is O'Malley's motion to dismiss King's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

United States District Court
Northern District of California

1   Dkt. No. 9. O'Malley contends that King failed to exhaust his administrative remedies because the

2   agency "has not yet issued a reconsideration, let alone a final decision," on King's claim. *Id.* at 4.

3   King did not file any response to O'Malley's motion to dismiss.

4   **I.    LEGAL STANDARD**

5       **A.    Rule 12(b)(6)**

6       The Federal Rules require a complaint to include only a "short and plain statement of the

7   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule

8   12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all

9   factual allegations in the complaint as true and construe the pleadings in the light most favorable"

10  to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009).

11  Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable

12  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

13  663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not

14  assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

15      On a Rule 12(b)(6) motion, materials outside the complaint can be considered if they are

16  incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*,

17  342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may ... consider certain materials—

18  documents attached to the complaint, documents incorporated by reference in the complaint, or

19  matters of judicial notice—without converting the motion to dismiss into a motion for summary

20  judgment."). The Court may consider documents which are "not physically attached to the

21  complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily

22  relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v.*

23  *FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)). Federal Rule of Evidence 201 permits judicial

24  notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

25      **B.    Exhaustion**

26      The Social Security Act permits judicial review of only a "final decision of the

27  Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Califano v. Sanders*,

28  430 U.S. 99, 108 (1977). "A claimant's failure to exhaust the procedures set forth in the Social

United States District Court
Northern District of California

1    Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass v. Soc. Sec.*

2    *Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). When a claimant has not exhausted administrative

3    appeals as required to obtain a final decision, the complaint must be dismissed. *See id.*; *Heckler v.*

4    *Ringer*, 466 U.S. 602, 618–19 (1984).

5    An exception to the administrative exhaustion requirement may apply if a plaintiff presents

6    a colorable constitutional claim. *See Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir.

7    2001); *Califano*, 430 U.S. at 109. "A constitutional claim is colorable if it is not wholly

8    insubstantial, immaterial, or frivolous." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)

9    (internal quotations omitted).

10   **II.    ANALYSIS**

11   King has not raised any colorable constitutional claim that might waive the exhaustion

12   requirement.[1] The agency has not yet issued its determination on King's request for

13   reconsideration or its final decision. King therefore has not exhausted his administrative remedies.

14   Because King has not exhausted his administrative remedies, he does not have a final decision ripe

15   for judicial review. 20 C.F.R §§ 404.900(a)(5), 416.1400(a)(5). O'Malley's motion to dismiss is

16   therefore **GRANTED** without leave to amend. The dismissal is without prejudice to King's ability

17   to pursue a lawsuit challenging the denial of his claim if that denial becomes final and King has

18   exhausted his administrative remedies.

19

20   **IT IS SO ORDERED.**

21   Dated: October 22, 2024

22

23

24   P. Casey Pitts
     United States District Judge

25

26

27

28

---

[1] King cursorily asserts that the use of his name in capital letters was an "injurious 'presumption[ ]' which prejudice[s] [his] Constitutional rights." Dkt No. 1, at 3. This theory "is meritless and has been soundly rejected by federal courts." *In re Dominick*, 2020 WL 1173505, at *3 n.7 (N.D. Cal. Feb. 20, 2020) (citations omitted).

United States District Court
Northern District of California